## IN RE FLOWERS ET AL.

LOST INSTRUMENTS—CONTRACTS—ESTABLISHMENT.

Under *Rev. Code* 1915, § 3399, a lost contract for the sale of real estate, entered into by deceased, may be established by parol evidence by attesting witnesses, etc., as to its terms, in which case, the proof showing that petitioner had performed, deceased's executors will be directed to execute and deliver a deed.

(*October* 29, 1915.)

Judges BOYCE and RICE sitting.

*Daniel J. Layton, Jr.,* for applicant and petitioners.

Superior Court, Sussex County, October Term, 1915.

APPLICATION to prove lost contract for the sale of real estate.

In the matter of the application of Sarah E. Flowers to prove a lost contract for the sale of real estate, entered into by Joshua Dallas Marvil, deceased, and petition of Sallie L. Marvil and another, executors of the deceased, for authority to execute and deliver the deed. Proof of contract allowed and petition granted.

*Per Curiam:*—At the October term of the Superior Court in and for Sussex County, Sarah E. Flowers, of Laurel, Delaware, applied to the court, under the provisions of *Section* 3399 of the *Revised Code* 1915, to prove a contract for the sale of certain real estate in the Town of Laurel, alleged to have been entered into by Joshua Dallas Marvil, deceased, in his lifetime, with her, the said Sarah E. Flowers. It appeared that the written contract had been lost or mislaid, and could not be found after diligent search therefor; and the question presented was whether, under the statute, the contract could be proved by parol testimony.

Upon consideration of the question the court was of the opinion that a reasonable interpretation of the statute permitted the proof of a lost contract for the sale of land, and heard the testimony of witnesses with respect thereto. It was proved that there did exist a contract for the sale of the real estate in question between Joshua Dallas Marvil and Sarah E. Flowers, by the terms of which Mrs. Flowers was to pay three hundred and fifty dollars ($350.00) in weekly payments, including interest, and

when the sum of three hundred and fifty dollars and interest had been fully paid by the weekly payments, Mr. Marvil bound himself to give her a deed; that the contract was signed by both parties thereto, and was attested by Charles W. Clapham, whose testimony as to the contents of the contract and the execution thereof and attestation by him was also taken.

It was further proved that the property mentioned in said contract was the same property which was purchased by Joshua Dallas Marvil from Edward F. Hearn, administrator of Samuel Elliott, deceased, the said Samuel Elliott being the father of Sarah E. Flowers. The attesting witness testified that he saw Mr. Marvil write his name and that he attested his signature, that he made collections of weekly payments for Mr. Marvil for eight or ten years, and that he had often heard Mr. Marvil speak of the contract. Another witness saw Mr. Marvil read the contract and sign it.

It was further proved that full payment had been made according to the terms of the contract; that Mr. Marvil did not regard the property as his, but that he took the title to the property in order that Mrs. Flowers might subsequently repurchase it from him.

Upon the completion of the proof of the lost contract it was ordered by the court that a transcription be made of the oral testimony of the witnesses with respect to the contract, and that the transcription attested by the Prothonotary be recorded in the office of the Recorder of Deeds under the statute.

Upon the recording of the contract a petition was presented by the executors of Joshua Dallas Marvil, deceased, stating the facts, and including therein a transcription of the testimony as the same had been recorded, and praying for an order granting unto the said executors authority to convey by proper deed the premises in question to Sarah E. Flowers in execution of the contract.

And, accordingly, it was ordered as follows:

"And now, to wit, this twenty-ninth day of October, A. D. 1915, the foregoing petition having been read and considered by the court, and the said contract having been duly proven in this

court, and it appearing to the court that the facts therein set forth are true, it is ordered that the said Sallie L. Marvil and Frank B. Sirman, executors of the last will and testament of Joshua Dallas Marvil, deceased, are hereby authorized to execute and to deliver a deed to the said Sarah E. Flowers for the lands and premises described in said contract as proven in this court, agreeable to the act of the General Assembly in such case made and provided."